Tamany Jean Vinson Bentz
(SBN 258600)
Tamany.Bentz@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Telephone: 310.595.3000
Facsimile: 310.595.3300

Tamar Y. Duvdevani
(*Pro Hac Vice Pending*)
tamar.duvdevani@dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: 212.335.4500
Facsimile: 212.335.4501

Melissa A. Reinckens (SBN 314657)
Melissa.Reinckens@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701

*Attorneys for Defendants Goli Nutrition
Inc. (Canada), Goli Nutrition Inc. (US),
Michael Bitensky, Heidi Regenass, and
Better Nutritionals, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOLI NUTRITION INC., a Canadian Corporation; GOLI NUTRITION INC., a Delaware Corporation; MICHAEL BITENSKY, an individual; HEIDI REGENASS, an individual; and BETTER NUTRITIONALS, LLC, a California Corporation,<br><br>Defendants. | CASE NO.  21-CV-02348-VAP (MAAx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**<br><br>Date:  July 26, 2021<br>Time:  2:00 PM<br>Ctrm:  8A, 8th Floor<br>Judge:  Honorable Virginia A. Phillips<br><br>Complaint Filed: March 17, 2021 |

EAST/181162579

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ........................ 1

II.     FACTUAL BACKGROUND ........................................................ 2

  A.   The Parties And Products At Issue ........................................ 2

    1.   Defendants Goli and Mr. Bitensky ................................... 2

    2.   Defendant Dr. Regenass ................................................... 3

    3.   Defendant BN .................................................................. 3

    4.   Plaintiff GOLO ................................................................ 4

  B.   Plaintiff's Instant Claims ..................................................... 4

III.    APPLICABLE LEGAL STANDARDS ........................................ 5

  A.   Federal Rule of Civil Procedure 12(b)(6) ............................ 5

  B.   Federal Rule of Civil Procedure 12(b)(1) ............................ 5

  C.   Federal Rule of Civil Procedure 9(b) ................................... 6

IV.     ARGUMENT ............................................................................... 6

  A.   Plaintiff Lacks Article III Standing To Pursue Its Claims. ..................... 6

  B.   Plaintiff Does Not Have Statutory Standing To Pursue Its False Advertising Claims. .................................................. 11

  C.   Plaintiff Has Failed To State A Viable Claim Against Defendants BN Or Dr. Regenass. ....................................... 13

    1.   Plaintiff Does Not Allege That BN Created, Authored Or Disseminated Any Of The Allegedly False Advertising. ................ 13

    2.   Plaintiff Does Not Identify Any False Advertising Made By Dr. Regenass Directly Or Indirectly. ........................ 15

  D.   Plaintiff's Allegations Concerning The Organic Claim And The Calorie Claim Are Deficient. ...................................... 19

EAST/181162579

-ii-

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

1.  The Allegations That Defendants Falsely Advertised Goli's ACV Gummies As Organic Do Not Satisfy Rule 9(b). ................... 19

2.  The Allegations That Goli, BN, And Mr. Bitensky Have Misrepresented The Calories in Goli's Ashwa Gummies Do Not Satisfy Rule 9(b) ............................................................. 19

E.  Plaintiff's Challenges To the Clinically-Proven Claim Are Preempted (Counts II-III) And Barred By The Primary Jurisdiction Doctrine (Counts I-III) ........................................ 20

1.  Regulatory Regime ................................................. 20

2.  The "Clinically-Proven Claim" Refers To Structure/Function Claims ................................................................. 22

3.  Plaintiff's State Law Challenges To The Clinically-Proven Claim Are Preempted (Counts II-III) ................................ 23

4.  The Primary Jurisdiction Doctrine Also Bars Plaintiff's Challenges To The Clinically-Proven Claim (Counts I-III) ........... 23

F.  Defendants' Motion To Dismiss Should Be Granted Without Leave To Amend Because Amendment Would Be Futile ................. 25

V.  CONCLUSION ........................................................ 25

EAST/181162579

-iii-

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allbirds, Inc. v. Giesswein Walkwaren AG*,
  No. 19-CV-05638-BLF, 2020 WL 6826487 (N.D. Cal. June 4,
  2020) ........................................................................................................... 10

*Altair Instruments, Inc. v. Telebrands Corp.*,
  No. 2:19-CV-08967-SJO-JC, 2020 WL 1942320 (C.D. Cal. Mar.
  31, 2020) ..................................................................................................... 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 5

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) ............................................................... 24, 25

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 5

*Brosnan v. Tradeline Sols., Inc.*,
  No. 08-CV-0694, 2009 WL 1604572 (N.D. Cal. June 5, 2009) ...................... 6

*C5 Med. Werks, LLC v. Ceramtec GmbH*,
  No. 14-CV-00643-RBJ, 2016 WL 4092955 (D. Colo. June 10,
  2016) ........................................................................................................... 10

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*,
  No. C08-1372 RSM, 2010 WL 2079694 (W.D. Wash. May 20,
  2010) ........................................................................................................... 13

*Chacanaca v. Quaker Oats Co.*,
  752 F. Supp. 2d 1111 (N.D. Cal. 2010) ....................................................... 21

*Colony Cove Props., LLC v. City of Carson*,
  640 F.3d 958,955 (9th Cir. 2011) .................................................................. 6

*Dachauer v. NBTY, Inc.*,
  913 F.3d 844 (9th Cir. 2019) ........................................................... 21, 22, 23

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ......................................................................... 5

-iv-

EAST/181162579

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

*Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC,*
  No. CV205486DSFADSX, 2021 WL 1573073 (C.D. Cal. Apr.
  12, 2021) ........................................................................................ 18

*Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.,*
  797 F.3d 1248 (11th Cir. 2015) ..................................................... 18

*Emery v. Visa Internat. Serv. Ass'n,*
  95 Cal. App. 4th 952 (2002) .......................................................... 15

*Exper. Inform. Servs. v. LifeLock, Inc.*
  No. Civ. 08-0165, 2008 WL 11410036 (C.D. Cal. Aug. 4, 2013) ............. 17

*Fayer v. Vaughn,*
  649 F.3d 1061 (9th Cir. 2011) .......................................................... 5

*FDIC v. Freestand Fin. Holding Corp.,*
  No. SACV 10-437-DOC-RNBx, 2011 WL 166362 (C.D. Cal.
  Jan. 12, 2011) ................................................................................ 15

*Fortune Mfg. Co. v. Zurn Indus., LLC,*
  No. CV 11-530 PA, 2011 WL 13220133 (C.D. Cal. Nov. 14,
  2011) ............................................................................................... 8

*GOLO, LLC v. Goli Nutrition Inc.,*
  No. 20-cv-667-RGA, 2020 WL 5203601 (D. Del. Sept. 1, 2020) .......... 1, 8, 11

*Greenberg v. Target Corp.,*
  985 F.3d 650 (9th Cir. 2021) .................................................... 23, 24

*Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC,*
  No. C 14-0437 CW, 2016 WL 9083386 (N.D. Cal. June 1, 2016) ............ 20

*Herron v. Best Buy Co. Inc.,*
  924 F. Supp. 2d 1161 (E.D. Cal. 2013) ......................................... 14

*In re Jamster Mktg. Litig.,*
  No. 05CV0819 JM (CAB), 2009 WL 1456632 (S.D. Cal. May
  22, 2009) ....................................................................................... 14

*JST Distribution, LLC v. CNV.com, Inc.,*
  No. CV176264PSGMRWX, 2018 WL 6113092 (C.D. Cal. Mar.
  7, 2018) ......................................................................................... 13

EAST/181162579

-v-

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

*K&N Eng'g, Inc. v. Spectre Performance*,
   No. 09-CV-01900, 2010 WL 11468976 (C.D. Cal. Feb. 9, 2010)................... 6

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) ......................................................................... 23

*Kythera Biopharms., Inc. v. Lithera, Inc.*,
   998 F. Supp. 2d 890 (C.D. Cal. 2014) ............................................................ 13

*Lasoff v. Amazon.com, Inc.*,
   741 F. App'x 400 (9th Cir. 2018) .................................................................... 16

*Leite v. Crane Co.*,
   749 F.3d 1117 (9th Cir. 2014) ........................................................................... 7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ................................................................................... 11, 23

*McGee v. Diamond Goods, Inc.*,
   No. 14CV2446 JAH (DHB), 2016 WL 816003(S.D. Cal. Mar. 1,
   2016), *adhered to,* No. 14CV2446 JAH (DHB), 2017 WL
   1135569 (S.D. Cal. Mar. 27, 2017), *aff'd sub nom. McGee v. S-L
   Snacks Nat'l*, 982 F.3d 700 (9th Cir. 2020)..................................................... 7

*Millenium Access Control Tech., Inc. v. On the Gate, LLC*,
   No. 15-CV-6067(SJF)(AKT), 2017 WL 10445800 (E.D.N.Y.
   Feb. 14, 2017)................................................................................................... 11

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*,
   107 Cal. App. 4th 1336 (2003)........................................................................ 23

*In re Outlaw Lab'y, LLP*,
   463 F. Supp. 3d 1068 (S.D. Cal. 2020) ........................................................... 14

*Parent v. Millercoors LLC*,
   No. 3:15-CV-1204-GPC-WVG, 2016 WL 3348818 (S.D. Cal.
   June 16, 2016)................................................................................................... 14

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ........................................................................... 18

*Reid v. Johnson & Johnson*,
   780 F.3d 952 (9th Cir. 2015) ........................................................................... 21

*Rust v. Long,*
    584 F. App'x 494 (9th Cir. 2014)...................................................... 25

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
    806 F.2d 1393 (9th Cir. 1986).......................................................... 17

*Skydive Ariz., Inc. v. Quattrocchi,*
    673 F.3d 1105 (9th Cir. 2012).......................................................... 15

*Smith v. Bank of Am., N.A.,*
    679 F. App'x 549 (9th Cir. 2017)....................................................... 6

*Sonora Diamond Corp. v. Superior Ct.,*
    83 Cal. App. 4th 523 (2000)............................................................ 15

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016) ............................................................ 5, 6, 7

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of*
    *reh'g,* 275 F.3d 1187 (9th Cir. 2001) ............................................ 17

*Springfield v. Marshall,*
    No. CV 15-8079-DDP (AGR), 2016 WL 11673333 (C.D. Cal.
    Jun. 10, 2016), *report and recommendation adopted,* No. CV 15-
    8079-DDP (AGR), 2016 WL 11673342 (C.D. Cal. Sept. 29,
    2016)........................................................................................... 17

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998).......................................................... 17

*Syntek Semiconductor Co. v. Microchip Tech. Inc.,*
    307 F.3d 775 (9th Cir. 2002)............................................................ 23

*ThermoLife Int'l LLC v. Sparta Nutrition LLC,*
    No. CV-19-01715-PHX-SMB, 2020 WL 248164 (D. Ariz. Jan.
    16, 2020)............................................................................... 11, 12

*Tomek v. Apple Inc.,*
    636 F. App'x 712 (9th Cir. 2016)....................................................... 6

*TrafficSchool.com, Inc. v. Edriver Inc.,*
    653 F.3d 820 (9th Cir. 2011)............................................................. 7

-vii-

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*,
  862 F. Supp. 2d 1009 (N.D. Cal. 2012) ..................................................... 15, 20

*Two Jinn, Inc. v. Gov't Payment Serv., Inc.*,
  No. 09CV2701 JLS BLM, 2010 WL 1329077 (S.D. Cal. Apr. 1,
  2010) ................................................................................................................. 10

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .......................................................................... 16

*Ultrasys. Env't, Inc. v. STV, Inc.*,
  674 F. App'x 645 (9th Cir. 2017) .................................................................... 25

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ........................................................... 6, 17, 19

*Walsh v. Kindred Healthcare*,
  798 F. Supp. 2d 1073 (N.D. Cal. 2011) .......................................................... 15

*Wash. Env't Council v. Bellon*,
  732 F.3d 1131 (9th Cir. 2013) .......................................................................... 7

**Statutes**

21 U.S.C. § 343-1(a) ........................................................................................... 20

21 U.S.C. § 343-1(a)(5) ....................................................................................... 20

21 U.S.C. § 343(r)(6) ..................................................................................... 21, 22

Cal. Bus. & Prof. Code § 17508(a) ...................................................................... 23

**Other Authorities**

21 C.F.R. § 101.93(f) ........................................................................................... 22

21 C.F.R. § 101.93(g) ........................................................................................... 22

65 Fed. Reg. at 1012 ............................................................................................. 22

65 Fed. Reg. at 1028–29 ....................................................................................... 22

65 Fed. Reg. at 1029 ............................................................................................. 22

65 Fed. Reg. at 1030 ............................................................................................. 22

H.R. Rep. No. 101538 (1990)........................................................................... 20, 25

EAST/181162579

-ix-
DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This is neither Plaintiff GOLO, LLC's ("Plaintiff" or "GOLO") only Lanham Act suit against Defendants Goli Nutrition Inc. (US) and Goli Nutrition Inc. (Canada) (collectively "Goli"), nor its first attempt at accusing Goli of false advertising.  There is an existing action between the parties that has been pending for exactly one year in the District of Delaware (the "Delaware Action").  There, the Honorable Judge Richard G. Andrews denied Plaintiff's request for a preliminary injunction for alleged trademark infringement in part because Plaintiff and Goli do not compete and "there is 'no logical argument' that purchasers would be willing to substitute one product for the other." *GOLO, LLC v. Goli Nutrition Inc.*, No. 20-cv-667-RGA, 2020 WL 5203601, at *3 (D. Del. Sept. 1, 2020) ("PI Order").  A few days prior to issuance of the PI Order, Plaintiff moved for leave to amend its complaint to assert false advertising claims that overlap with its claims in this action.  Months after Goli opposed the motion, but before Judge Andrews ruled, Plaintiff abruptly withdrew its motion and that same day filed a slightly tweaked Complaint here.

Plaintiff evidently understands that its conclusory allegations of false advertising and competitive injury are squarely contradicted by Judge Andrews' prior ruling.  In an apparent effort to evade an unfavorable ruling on its motion to amend, Plaintiff commenced the instant action adding three new defendants:  (i) Michael Bitensky ("Mr. Bitensky"), Goli's Montreal-based President; (ii) Better Nutritionals, LLC ("BN"), a company located in California that manufactures and bottles Goli's products; and (iii) Dr. Heidi Regenass ("Dr. Regenass"), a former Goli advisory board member who resides in California.  Plaintiff added these parties to create the illusion that this venue is proper when in reality Plaintiff is forum shopping, as set forth in Defendants' contemporaneous Motion to Dismiss, Stay or Transfer The Complaint Pursuant to the First to File Doctrine, the Court's Inherent Power to Prevent Forum Shopping, and 28 U.S.C. §1404(a).

EAST/181162579

-1-

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

If this Court is nonetheless inclined to consider the merits of Plaintiff's Complaint, it should be dismissed against all Defendants for the following reasons:

*First,* as argued by Goli in the Delaware Action, Plaintiff lacks Article III standing to pursue its claims because it does not allege injury that is "concrete and particularized" or "fairly traceable" to the alleged false advertising.

*Second,* Plaintiff lacks statutory standing under the Lanham Act for similar reasons because it fails to plausibly plead proximate causation of damages. Plaintiff's state law claims are substantially congruent to its Lanham Act claim and thus fail for the same reason.

*Third*, even if Plaintiff had the requisite standing to pursue its false advertising claims, the Complaint fails to state legally cognizable claims against BN or Dr. Regenass because it does not plausibly allege that BN or Dr. Regenass is responsible for any of the purportedly false advertising.

*Fourth,* Plaintiff alleges generally that Defendants have falsely advertised Goli's products as organic and with incorrect calorie counts but fails to allege ***what*** is incorrect about these claims, ***why*** consumers would believe they are false, or ***how*** Plaintiff came to this conclusion.  Plaintiff's bare allegations are insufficient.

*Fifth,* Plaintiff's state law claims are preempted to the extent they are based on allegations related to structure/function claims expressly permitted under federal law.  Plaintiff's claims – including the Lanham Act claim – are similarly barred by the primary jurisdiction doctrine because Goli's structure/function claims fall squarely within the purview of the FDA, not federal courts.

## II.    FACTUAL BACKGROUND

### A.    The Parties And Products At Issue.

#### 1.    Defendants Goli and Mr. Bitensky

Goli sells a gummy nutritional supplement that contains benefits of apple

cider vinegar ("ACV") and additional vitamins ("Goli ACV Gummies"). ¶ 3.[1] More recently, Goli introduced its second product, gummies made with KSM-66, a highly concentrated extract of Ashwagandha (the "Goli Ashwa Gummies").[2] ¶ 4. Goli's ingredient-focused advertising promotes the many and varied benefits of ACV and KSM-66.[3] Mr. Bitensky is Goli's co-founder and President. ¶ 3.

### 2.  Defendant Dr. Regenass

Dr. Regenass is a double board-certified Mayo Clinic trained physician who served on Goli's Scientific & Nutritional Advisory Board. ¶ 16. Plaintiff claims she "appears in promotional spots for Goli and makes representations and claims about the benefits and properties of Goli's Gummies during those promotional spots," pointing to a single 2019 appearance on "Living with Kathy Ireland," during which she merely spoke about the benefits of the ACV ingredient. ¶¶ 16, 52, 71, 101. The Complaint does not allege that Dr. Regenass participated in any discussions with Goli or provided any support to Goli regarding product development, claim substantiation or review, or the creation of Goli's advertising and marketing, or that she knew of Goli's allegedly false and misleading claims.

### 3.  Defendant BN

BN is a third-party manufacturer of supplement products, including Goli's products. ¶ 14. Plaintiff alleges that BN manufactures, packages and labels Goli's products and that it shares a facility with Goli. *Id.* Like Dr. Regenass, BN is not alleged to have participated in any discussions or provided any support regarding product development, claim substantiation or review, or the creation of Goli's advertising. Nor does Plaintiff allege BN knew of the allegedly false claims.

---

[1] All ¶ __ or ¶¶ __ references refer to the Complaint filed in this case, ECF 1.
[2] Goli's ACV Gummies and Ashwa Gummies are referred to collectively as "Goli's Gummies."
[3] *See*, *infra*, Section IV.A.

-3-

### 4.    Plaintiff GOLO

Plaintiff sells a weight loss plan ("GOLO Plan") and accompanying diet pill in capsule form ("Release").  ¶ 23.  GOLO claims that the GOLO Plan and Release together "have been shown to reduce health risk factors, including by lowering blood sugar levels, blood pressure, cholesterol, triglycerides, and visceral fat, and by significantly reducing a person's body mass index."  ¶ 1.  Plaintiff further alleges that Release on its own "has been clinically shown to increase weight loss, reduce hunger and cravings and suppress the appetite, reduce stress and anxiety, increase immune function and increase energy."  *Id.*  First-time customers can only buy Release with the GOLO Plan.  ¶ 23.  Plaintiff does not allege that its Release pills or any other product it sells contain ACV or Ashwagandha ingredients.

### B.    Plaintiff's Instant Claims

Plaintiff's Complaint includes three claims for relief:  (1) false advertising in violation of the Lanham Act; (2) false advertising pursuant to California False Advertising Law, Cal. Bus. Prof. Code § 17500 *et seq.* ("FAL"); and (3) unfair competition pursuant to California Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.* ("UCL").  ¶¶ 120-149.  Each claim is based on GOLO's general allegations that Defendants have made the following "false and misleading representations" in advertising Goli's Gummies:

(1) Two ACV Gummies are equivalent to a shot of ACV ("2=1 Claim");

(2) Goli's ACV Gummies include the "mother" ("Mother Claim");

(3) Goli's ACV Gummies are organic ("Organic Claim");

(4) One ACV Gummy contains 500 mg of ACV ("500 mg Claim");

(5) Goli's Ashwa Gummies include the highest concentration Ashwagandha extract available and are vegan ("Ashwa Concentration Claim");

(6) One Ashwa Gummy contains 10 calories ("Calorie Claim"); and

(7) KSM-66, the ingredient in Goli's Ashwa Gummies, has been clinically proven to provide certain benefits ("Clinically-Proven Claim").

For each of the allegedly false claims, Plaintiff alleges that Defendants "knew, or should have known," the claim is "false and/or misleading" and Defendants simply "made up" the advertising claims "to confuse and deceive the public and leverage consumers' desire to find easier ways to lose weight and be healthier, so that Defendants could be more profitable, attract a network of affiliates to promulgate Goli's viral marketing campaign, and capture market share from competitors." ¶¶ 67, 69, 75, 83, 87, 94, 106.  Plaintiff also alleges that "Goli and [Mr.] Bitensky have masterminded a hybrid multi-level marketing scheme" that "offers significant payouts to influencers to promote Goli's Gummies and Defendants' false claims to the influencers' followers." ¶ 22.

## III.   APPLICABLE LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(6)

A complaint should be dismissed under Rule 12(b)(6) if it fails to allege facts sufficient to state a cognizable legal claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  It is not enough that a claim be possible or conceivable; it must be "plausible." *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   In determining whether a complaint states a plausible claim, the Court need not "accept as true … allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also Iqbal*, 556 U.S. at 679.  Nor is the Court required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011) (quotations omitted).

### B.   Federal Rule of Civil Procedure 12(b)(1)

Article III limits subject matter jurisdiction to those plaintiffs that have standing. *Spokeo, Inc. v. Robins*, __U.S.__, 136 S. Ct. 1540, 1547 (2016).  To plead Article III standing, "the plaintiff must 'clearly … allege facts demonstrating'" that it has "(1) suffered an injury in fact, (2) that is fairly traceable

to the challenged conduct of the defendants, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 1547-58.

A complaint is subject to dismissal under Rule 12(b)(1) when the claimant fails to plead Article III standing. *Smith v. Bank of Am., N.A.,* 679 F. App'x 549, 550 (9th Cir. 2017). Where a defendant challenges a plaintiff's Article III standing based on the insufficiency of the allegations in the complaint, a court applies the same standard of review it applies on a motion to dismiss under Rule 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 958,955 (9th Cir. 2011).

### C.   Federal Rule of Civil Procedure 9(b)

"It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement." *Brosnan v. Tradeline Sols., Inc.*, No. 08-CV-0694, 2009 WL 1604572, at *4 (N.D. Cal. June 5, 2009) (quotations omitted). Accordingly, Lanham Act, UCL, and FAL claims "based on allegations of misleading statements or misrepresentations regarding the nature of products or services" must "state with particularity the circumstances constituting fraud or mistake." *K&N Eng'g, Inc. v. Spectre Performance*, No. 09-CV-01900, 2010 WL 11468976, at *4-5 (C.D. Cal. Feb. 9, 2010) (quotations omitted); *see also Tomek v. Apple Inc.,* 636 F. App'x 712, 713 (9th Cir. 2016) ("Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements."). To meet this requirement, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis in original) (citation omitted).

## IV.   ARGUMENT

### A.   Plaintiff Lacks Article III Standing To Pursue Its Claims.

Despite having the benefit of prior motion practice in the Delaware Action

-6-

on this very issue, Plaintiff fails to sufficiently plead allegations to support Article III standing, dooming Plaintiff's claims.

Article III is a threshold determination where the Court need not delve into the merits of the case if Plaintiff's allegations do not support standing as a matter of law. *See Spokeo,* 136 S. Ct. at 1547. For a facial Article III standing challenge under Rule 12(b)(1), a court applies the same standard of review it applies on a Rule 12(b)(6) motion and threadbare recitals and elements of standing supported by mere conclusory statements do not suffice. *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014). Here, Plaintiff has not met its burden of establishing Article III standing because it fails to plead facts showing an economic injury that is "fairly traceable" to Defendants' alleged conduct. *See Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1142-44 (9th Cir. 2013) (no standing where plaintiff failed to establish causal nexus between alleged unlawful act and harms suffered).

Although Plaintiff's tweaked Complaint now alleges it has lost sales and will continue to do so "due to Defendants' False and Misleading Claims," it does not offer more than threadbare allegations that such lost sales were caused by Defendants' advertising. *See, e.g.*, ¶¶ 114, 117. The Ninth Circuit has explained that a false advertising plaintiff can establish Article III injury "if 'some consumers who bought the defendant['s] product under [a] mistaken belief' fostered by the defendant 'would have otherwise bought the plaintiff['s] product[.]'" *TrafficSchool.com, Inc. v. Edriver Inc.,* 653 F.3d 820, 825 (9th Cir. 2011) (citations omitted). Alternatively, "[a] plaintiff who can't produce lost sales data may … establish an injury by creating a chain of inferences showing how defendant's false advertising could harm plaintiff's business." *Id.* However, "a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *McGee v. Diamond Goods, Inc.,* No. 14CV2446 JAH (DHB), 2016 WL 816003, at *5 (S.D. Cal. Mar. 1, 2016), *adhered to,* No. 14CV2446 JAH (DHB), 2017 WL 1135569 (S.D. Cal. Mar. 27, 2017), *aff'd*

*sub nom. McGee v. S-L Snacks Nat'l*, 982 F.3d 700 (9th Cir. 2020) (citing *Schmeir v. U.S Ct. of Appeal for the Ninth Cir.*, 279 F.3d 817, 820 (9th Cir. 2001)).

Plaintiff alleges that the parties "compete for the same customers looking for the same weight management, appetite control, and other health benefits," but relies on the Court to infer that an ill-gotten sale for Goli resulted in a lost sale for it because both parties are in the broad weight loss industry. *See* ¶¶ 114, 117. Such an inference is unwarranted and flatly contradicted by the PI Order's finding that "there is no logical argument for hypothesizing" that purchasers would substitute Goli's ACV Gummies for Plaintiff's GOLO Plan or Release pills. PI Order at *3.

There is likewise no logical basis to infer that the alleged false advertising caused Plaintiff's alleged harm. It is unreasonable to infer that the 2=1 Claim or the 500 mg Claim caused Plaintiff to lose sales as each of these claims is related to the amount of ACV in Goli's Gummies. Plaintiff's "Release pills and services do not contain [ACV] at all" (PI Order at *3), nor does Plaintiff allege otherwise. There is thus no factual basis to conclude that any misstatement about the amount of ACV in Goli's product would cause Plaintiff to lose customers. Plaintiff's claim that Goli's advertising "taint[s] the reputation and marketability" of Plaintiff's products "because consumers are led to believe that Goli's Gummies provide the same benefits in a different (and easier) form" (¶ 115) fails for the same reasons.

The Mother Claim likewise promotes a specific ingredient in Goli's ACV Gummies. Plaintiff does not allege that it sells any product that contains the "mother;" it is therefore not reasonable to infer that the Mother Claim caused Plaintiff to lose sales or suffer any other harm. Similarly, the Organic Claim promotes the organic ingredients in Goli's ACV Gummies, but Plaintiff does not allege that its Release pills are made with organic ingredients. Thus, a purchaser seeking an organic supplement would not consider Plaintiff's pills a substitute for Goli's ACV Gummies. *See Fortune Mfg. Co. v. Zurn Indus., LLC*, No. CV 11-530 PA (JEMX), 2011 WL 13220133, at *5-6 (C.D. Cal. Nov. 14, 2011) (no

Article III standing where consumers would not substitute defendant's products with plaintiff's absent alleged misrepresentations, even though both parties sold ball valve products).  In sum, each of these claims promotes *specific ingredients* in Goli's ACV Gummies, but Plaintiff does not allege that its products contain the same or even *comparable ingredients*.  As a result, even if the claims were false or misleading (they are not), they would not cause injury to Plaintiff.

Plaintiff stretches the bounds of reasonableness even further, by now suggesting that it competes with Goli's Ashwa Gummies.  The causal link between the allegedly false advertising of Goli's Ashwa Gummies and Plaintiff's alleged injury is even more attenuated.  The Ashwa Concentration Claim promotes the quality and characteristics of the KSM-66 ingredient in Goli's Ashwa Gummies. *See* ¶¶ 77-82.  There is no reasonable inference that this claim harmed Plaintiff because Plaintiff does not allege that its products contain KSM-66 or any other Ashwagandha ingredient.  Purchasers who purchased Goli's Ashwa Gummies because of the Ashwa Concentration Claim presumably did so because they wanted a supplement with Ashwagandha extract and thus would not have purchased Plaintiff's product instead.  The Clinically-Proven Claim similarly touts the benefits of KSM-66, including, *inter alia*, improved memory, cognitive function, endurance, strength, muscle size, sleep quality, and sexual function. *See* ¶¶ 88-89.  Plaintiff does not allege that it provides any of these benefits, rendering unreasonable any inference that purchasers consider Plaintiff's product a suitable substitute for Goli's Ashwa Gummies.  Plaintiff's allegations also do not create a reasonable inference that the Calorie Claim caused Plaintiff to lose sales.  Plaintiff does not allege the calorie count for Release or how it compares to the number of calories in Goli's Ashwa Gummies.  There is thus no basis to infer that a consumer would buy Plaintiff's pills instead of Goli's Ashwa Gummies, even if Goli's Gummies did have 15 instead of 10 calories per serving, as Plaintiff alleges.  ¶ 86.

Plaintiff's failure to allege facts sufficient to create a reasonable inference

that the allegedly false advertising caused Plaintiff to lose sales warrants dismissal for lack of standing. In *Two Jinn, Inc. v. Gov't Payment Serv., Inc.*, No. 09CV2701 JLS BLM, 2010 WL 1329077 (S.D. Cal. Apr. 1, 2010), for example, the plaintiff was a "licensed bail agent" and contended that the defendant unlawfully engaged in bail transactions without a valid license. *Id.* at *1. The plaintiff "assert[ed] an injury in fact on the basis that '[s]ome of the diverted bail customers certainly would have purchased bail from [the plaintiff]'" if not for the defendant's unfair competition. *Id.* at *3 (citation omitted). The court found this insufficient because the plaintiff had not identified any "customers who would have purchased bail from sources other than" the defendant, or that customers "would have chosen the services of [the plaintiff] over the various other bail services[.]" *Id.; see also, e.g., Allbirds, Inc. v. Giesswein Walkwaren AG,* No. 19-CV-05638-BLF, 2020 WL 6826487, at *4 (N.D. Cal. June 4, 2020) (despite direct competition between the parties, false advertising claims dismissed because pleading failed to alleged lost sales or establish "chain of inferences" connecting defendant's "all natural" advertising claims to plaintiff's alleged injury); *C5 Med. Werks, LLC v. Ceramtec GmbH,* No. 14-CV-00643-RBJ, 2016 WL 4092955, at *4 (D. Colo. June 10, 2016) (allegations insufficient to confer standing because court would have to make "a series of speculative inferences in analyzing whether there is a causal connection between [plaintiff's] injury and [defendant's] actions").

The Complaint in this action suffers from even worse defects. As mentioned, Plaintiff does not allege that customers have chosen Goli's Gummies over the GOLO Plan and accompanying Release pills ***because*** Defendants made allegedly false claims about the ingredients in Goli's Gummies but rather concludes that the alleged false advertising "caused commercial injury to [Plaintiff], with such injury harming [Plaintiff's] ability to compete with Defendant Goli" and is "the proximate cause of [Plaintiff's] injury." ¶¶ 123-124. These conclusory allegations fail to establish Article III standing. Without

allegations of specific lost sales or facts that establish a reasonable chain of inferences connecting Goli's advertising and Plaintiff's alleged injury, Plaintiff cannot establish Article III standing, and its claims should be dismissed.

### B.   Plaintiff Does Not Have Statutory Standing To Pursue Its False Advertising Claims.

Plaintiff also lacks statutory standing for its claims, which is narrower than Article III standing.  To bring a Lanham Act false advertising claim, Plaintiff must allege that: (1) its interests fall within the zone of interests protected by the Lanham Act; and (2) its injuries are proximately caused by Defendants' actions.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014).

Plaintiff fails to plausibly plead proximate causation between Goli's claims and Plaintiff's purported injury because the alleged harm is "too remote" from the alleged conduct.  *Lexmark*, 572 U.S. at 133.  Nor can Plaintiff plausibly allege proximate causation because the parties' products do not function as substitutes for one another, as already determined by Judge Andrews (PI Order at *3) and Plaintiff does not allege that Defendants made misrepresentations about Plaintiff or Plaintiff's products.  In *Millenium Access Control Tech., Inc. v. On the Gate, LLC*, the court dismissed the plaintiff's false advertising claim, holding:

> None of the alleged misrepresentations contained in [the defendant's] sales brochure or website disparage or cast aspersions upon [the plaintiff's] business or the [plaintiff's products]…; nor is the injury alleged by [the plaintiff] "so integral an aspect of the violation alleged, there can be no question that proximate cause is satisfied."

No. 15-CV-6067(SJF)(AKT), 2017 WL 10445800, at *11 (E.D.N.Y. Feb. 14, 2017) (quoting *Lexmark,* 572 U.S. at 139).

The court's decision in *ThermoLife Int'l LLC v. Sparta Nutrition LLC,* No. CV-19-01715-PHX-SMB, 2020 WL 248164 (D. Ariz. Jan. 16, 2020) is likewise instructive.  There, the plaintiff sold dietary supplements containing amino acid

nitrate compounds and the defendant was a dietary supplement seller that did not. *Id.* at *1-2.  After finding that the plaintiff's "hollow allegations of competitive harm" fell outside of the Lanham Act's "zone of interests," the court considered whether the defendant's actions proximately caused plaintiff's injuries.  *Id.* at *7. The court found the plaintiff's allegations of proximate causation deficient:

> Instead of "connecting the dots," the Complaint blankly alleges, without supporting allegations, that Defendant's purported false advertising *must have* caused Plaintiff's injuries because the two compete.  Such an artificial and attenuated link between Defendant's purported false advertising and Plaintiff's harm, *inter alia*, defies the realities of business.  For instance, there could be any number of intervening reasons for why Plaintiff's sales decreased, including new market entrants, increased dietary supplement regulation, a reduction of consumers' discretionary income, or even a change in consumer preferences for dietary supplements.  Simply put, the Complaint's vague and speculative allegations do not show Defendant's false advertising caused its harm any more than any one of these reasons could have.

*Id.* at *9 (emphasis added) (citation omitted).

This is precisely what Plaintiff does here by stating that it has "lost sales" and suffered injury as a result of alleged false or misleading statements about Goli's Gummies but failing to provide any facts supporting these contentions or pointing to any consumers that have purchased Goli's Gummies over GOLO's weight loss plan and supplement pills because of Goli's allegedly false advertisements. *See* ¶¶ 114-115.  The Court should not be required to "connect the dots" regarding **how** Defendants' advertising caused Plaintiff's purported injury. These allegations are far too remote to establish standing, so Plaintiff's claims

should be dismissed.[4]

### C. Plaintiff Has Failed To State A Viable Claim Against Defendants BN Or Dr. Regenass.

#### 1. Plaintiff Does Not Allege That BN Created, Authored Or Disseminated Any Of The Allegedly False Advertising.

Plaintiff alleges that BN "has made false and/or misleading statements regarding the nature, characteristics, and/or properties of Goli's Gummies on the products' labels, and has done so knowing that the statements were false and/or misleading and that they would be disseminated to consumers." ¶ 44. Plaintiff *does not allege* that BN created, authored, or disseminated any of the allegedly false statements or that BN has control over the statements on Goli's product labels. Plaintiff's allegations are therefore deficient.

Plaintiff cannot hold a party liable for Lanham Act false advertising that did not create the allegedly false statements and did not disseminate them to consumers. *Campagnolo S.R.L. v. Full Speed Ahead, Inc*., No. C08-1372 RSM, 2010 WL 2079694, at *3 (W.D. Wash. May 20, 2010) (false advertising claim lacked merit because defendant did not contribute to, commission, or review the allegedly false advertising, or participate in its creation or dissemination); *see also JST Distribution, LLC v. CNV.com, Inc.,* No. CV176264PSGMRWX, 2018 WL 6113092, at *4 (C.D. Cal. Mar. 7, 2018) (no liability where party did not author, review, create, or disseminate the allegedly false statements, but denying motion to dismiss because complaint alleged that defendant disseminated the allegedly false statements online). Here, the Complaint fails to allege a claim for direct

---

[4] Plaintiff's claims under the UCL and FAL fail for the same reasons as they are substantially congruent to its Lanham Act claim. *See Altair Instruments, Inc. v. Telebrands Corp*., No. 2:19-CV-08967-SJO-JC, 2020 WL 1942320, at *6 (C.D. Cal. Mar. 31, 2020) (dismissing UCL and FAL claims as plaintiff lacked statutory standing); *Kythera Biopharms., Inc. v. Lithera, Inc*., 998 F. Supp. 2d 890, 897-98 (C.D. Cal. 2014) (same).

liability against BN because it does not allege that BN plays a role in creating the content of Goli's labels or disseminating Goli's advertising claims, nor could it.[5]

Furthermore, Plaintiff's allegation that "[a]s the manufacturer of Goli's Gummies, [BN] . . . is responsible for ensuring that any representations or claims made about those products are not false or misleading, including without limitation ensuring that the contents of the Gummies are as represented on the product label" (¶ 44), is wrong. "In the context of false advertising, there is no duty to investigate the truth of statements made by others." *Parent v. Millercoors LLC*, No. 3:15-CV-1204-GPC-WVG, 2016 WL 3348818, at *7 (S.D. Cal. June 16, 2016); *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1169 (E.D. Cal. 2013) ("Failure to take on the role of 'global policeman' is insufficient to support liability under the UCL.") (quoting *Emery*, 95 Cal. App. 4th at 966). This is especially true here given that BN plays no role in distribution of Goli's Gummies. ¶¶ 11, 13, 44, 51.

Plaintiff also fails to state a claim against BN based on a theory that it is the alter ego of Goli, which it alleges in the most conclusory of fashion. ¶ 17. As an initial matter, it is well established that concepts of vicarious liability, including agency and alter ego liability, do not apply to UCL claims. *In re Jamster Mktg. Litig.*, No. 05CV0819 JM (CAB), 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009) (quoting *Emery*, 95 Cal. App. 4th at 960)). Moreover, in order to plead a

---

[5] In *Outlaw Laboratory,* the court similarly held that retailers disseminating allegedly false statements on product packaging were entitled to judgment on the pleadings for FAL claims because the complaint did not adequately allege that the retailers personally participated in creating the allegedly false statements or controlled the product packaging. *In re Outlaw Lab'y, LLP*, 463 F. Supp. 3d 1068, 1086-87 (S.D. Cal. 2020) (citing *Emery v. Visa Internat. Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)). The court also granted judgment on the pleadings in favor of the retailers on UCL claims because the allegations did not show that the retailers participated in, controlled, or adopted the deceptive advertising, noting that retailers "have no affirmative obligation to investigate and disclose falsity as to the statements on a product's packaging." *Id.* at 1089.

theory of alter ego liability that can withstand a motion to dismiss, a complaint must satisfy Rule 9(b)'s heightened pleading requirements and must allege "(1) that there is such a unity of interest and ownership that the separate personalities of the two corporations no longer exist; and (2) that if the acts are treated as those of only one of the corporations, an inequitable result will follow." *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1082 (N.D. Cal. 2011) (setting out Rule 9(b) standard and then concluding that plaintiffs failed to allege facts sufficient to invoke alter ego doctrine); *see also FDIC v. Freestand Fin. Holding Corp.*, No. SACV 10-437-DOC-RNBx, 2011 WL 166362, at *1 (C.D. Cal. Jan. 12, 2011) (noting that court had previously held that plaintiff's alter ego status-related claims failed to meet heightened pleading requirements of rule 9(b)); *TransFresh Corp. v. Ganzerla & Assoc., Inc*., 862 F. Supp. 2d 1009, 1020 (N.D. Cal. 2012) (concluding that plaintiff did not satisfy the requirements of Rule 9(b) as to plaintiff's alter ego allegation); *Sonora Diamond Corp. v. Superior Ct*., 83 Cal. App. 4th 523, 439 (2000) ("The alter ego doctrine . . . affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form."). Plaintiff has not alleged facts in support of its naked assertion of alter ego liability. The claims against BN should therefore be dismissed in their entirety.

### 2. Plaintiff Does Not Identify Any False Advertising Made By Dr. Regenass Directly Or Indirectly.

Liability for Lanham Act false advertising arises from "a false statement of fact **by the defendant** in a commercial advertisement about its own or another's product[.]" *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (emphasis added). Similarly, a defendant's liability under the FAL and UCL must be based on her "personal participation" in or "unbridled control" over the alleged false advertising. *Emery*, 95 Cal. App. 4th at 960 (quotations omitted). A party that has not made an allegedly false statement is not liable for false advertising.

1    *Lasoff v. Amazon.com, Inc.*, 741 F. App'x 400, 402 (9th Cir. 2018).

2       Plaintiff fails to allege any facts that Dr. Regenass made any of the allegedly

3 false statements identified in the Complaint. Plaintiff alleges only that Dr.

4 Regenass appeared in a November 2019 episode of "Living with Kathy Ireland"

5 during which she "promoted" and "touted" Goli's ACV Gummies. ¶¶ 52, 71, 101;

6 *see also* ¶14 n.3 (providing publicly available link to video of Dr. Regenass'

7 appearance). Tellingly, Plaintiff does identify any actual statement made by Dr.

8 Regenass during her appearance on the show that Plaintiff contends is false or

9 misleading. Instead, Plaintiff merely alleges that the 2=1 Claim was "included

10 prominently" in the episode and includes a screenshot of the episode which

11 displays the following text on the screen: "2 GOLI GUMMIES = 1 APPLE CIDER

12 VINEGAR SHOT." ¶ 52. But this statement is expressly attributed to Goli, and

13 it is not something that Dr. Regenass said on the show. *Id.* Similarly, Plaintiff

14 alleges that Dr. Regenass "represented" the Organic Claim during her appearance

15 on the November 2019 episode of "Living with Kathy Ireland." ¶ 101. Again,

16 however, Plaintiff does not allege anything that Dr. Regenass actually said on the

17 show, but rather includes a screenshot with text attributed to Goli. *Id.* Plaintiff

18 offers no plausible explanation for how Dr. Regenass can be held liable for

19 statements which are attributed to Goli.

20       Plaintiff also alleges that Dr. Regenass "falsely touted the ACV Gummies

21 as containing 'the mother,'" during her appearance on the show. ¶ 71. This

22 allegation is demonstrably false. The video of her appearance, which is

23 incorporated by reference in the Complaint and can be viewed at

24 https://www.youtube.com/watch?v=vqiJeXcfxSMY, reveals she makes no such

25 statement.[6]

26

27    _____

[6] Despite Defendants' moving under Rule 12, the Court can consider the referenced

28 Kathy Ireland clip as it is incorporated by reference in the complaint and forms the basis of Plaintiff's claim against Dr. Regenass. *See U.S. v. Ritchie*, 342 F.3d 903,

Plaintiff's conclusory and unsupported allegations also do not satisfy Rule 9(b)'s particularity requirement.   As noted, Plaintiff's Lanham Act claim and derivative UCL and FAL claims are based on alleged misrepresentations or false statements, *i.e.* fraudulent representations.   The claims are therefore grounded in fraud such that they are subject to Rule 9(b)'s heightened pleading standard.   *See* Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1105 (noting that under California law, fraud claims involve, among other things "a false representation, knowledge of its falsity, [and] intent to defraud").   For Plaintiff's false advertising and unfair competition claims against Dr. Regenass to meet the heightened pleading requirements under Rule 9(b), Plaintiff must state the "time, place, and specific content of the false representations[.]"   *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).   The Complaint fails to allege any such facts in support of the claims against Dr. Regenass and thus should be dismissed.

Additionally, although Plaintiff does not expressly allege a claim against Dr. Regenass based on contributory false advertising, it alleges that she is liable for "actively induc[ing]" false advertising.   ¶ 43. To the extent this is construed as a

_____

908 (9th Cir. 2003); *Exper. Inform. Servs. v. LifeLock, Inc.* No. Civ. 08-0165, 2008 WL 11410036, at *3 (C.D. Cal. Aug. 4, 2013) (referenced website pages incorporated by reference).   Consideration of such materials ensures that allegations that contradict material incorporated by reference are not simply accepted as true in connection with a motion to dismiss.   *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (affirming dismissal of claim based on records attached to complaint that contradicted plaintiff's allegations); *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295–96 (9th Cir. 1998) (courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); *Springfield v. Marshall*, No. CV 15-8079-DDP (AGR), 2016 WL 11673333, at *5 (C.D. Cal. Jun. 10, 2016), *report and recommendation adopted,* No. CV 15-8079-DDP (AGR), 2016 WL 11673342 (C.D. Cal. Sept. 29, 2016) ("[T]he attachments to the Complaint demonstrate that Plaintiff's claim rests on a flawed factual premise and fails for that reason.").

claim for contributory false advertising, it fails because Plaintiff has not sufficiently alleged that Dr. Regenass participated in, encouraged, induced, or had knowledge of Goli's allegedly false advertising.[7]

To state a claim for contributory false advertising under the Lanham Act, Plaintiff must show that a third party directly engaged in false advertising that injured Plaintiff and that Dr. Regenass "contributed to that conduct . . . by knowingly inducing or causing the conduct, or by materially participating in it." *Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d 1248, 1277 (11th Cir. 2015).  Thus, Plaintiff must allege that Dr. Regenass "intended to participate in or actually knew about the false advertising." *Id.* (quotations omitted).  Plaintiff must also allege that Dr. Regenass "actively and materially furthered the unlawful conduct – either by inducing it, causing it, or in some other way working to bring it about." *Id.*

Here, the Complaint includes no such allegations with respect to Dr. Regenass (or any other Defendant).  As discussed above, Plaintiff has not plausibly alleged that it was injured by any advertising claim made about Goli's products.  Nor has Plaintiff alleged that Dr. Regenass was responsible in any way for Goli's advertising or that she knew any of the advertising was false or misleading.  Rather, Plaintiff's allegations regarding Dr. Regenass are limited to allegations that she

---

[7] "The Ninth Circuit has not addressed contributory liability for a Lanham Act violation based on false advertising."  *Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, No. CV205486DSFADSX, 2021 WL 1573073, at *4 (C.D. Cal. Apr. 12, 2021).  However, district courts in this Circuit have suggested that a theory of contributory liability for false advertising may arise under the Lanham Act, even though the Ninth Circuit has not expressly recognized it.  *See, e.g., id.*  By contrast, the concept of contributory liability does not apply to claims brought under the FAL or UCL.  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808-09 (9th Cir. 2007) (defendant could not be "secondarily liable under California unfair competition and false advertising laws" for another entity's conduct).

appeared on one episode of "Living with Kathy Ireland" in November 2019, during which others – but not Dr. Regenass – made allegedly false claims about Goli's ACV gummies.   Such allegations fall far short of Rule 9(b)'s particularity requirement, and Plaintiffs' claims against Dr. Regenass should be dismissed.

### D.   Plaintiff's Allegations Concerning The Organic Claim And The Calorie Claim Are Deficient.

#### 1.   The Allegations That Defendants Falsely Advertised Goli's ACV Gummies As Organic Do Not Satisfy Rule 9(b).

Plaintiff alleges that "Defendants have … falsely claimed that the ACV Gummies are organic when in fact they contain non-organic ingredients (the 'Organic Claim.'" ¶ 95.  Yet Plaintiff fails to allege *why* consumers would believe this claim is false or *how* Plaintiff reached this conclusion.  Nor does Plaintiff allege that any specific ingredient in Goli's product is not organic.  Plaintiff's bare allegations are insufficient to put Defendants on notice of the facts giving rise to the claims against them, and thus fail under Rule 9(b).  *See Vess,* 317 F.3d at 1106.

Plaintiff further alleges that, at various times, Goli's ACV gummies have been advertised as "organic" (¶¶ 97-98, 101, 104), "100% organic" (¶ 99), "certified organic by Oregon Tilth" (¶¶ 100, 105), and made with "select organic ingredients" (¶ 102).  Plaintiff asks the Court to infer that at least one of these statements is false or misleading because Goli's statements relating to the Organic Claim are not identical.  Such an inference is not supported by the Complaint.

#### 2.   The Allegations That Goli, BN, And Mr. Bitensky Have Misrepresented The Calories in Goli's Ashwa Gummies Do Not Satisfy Rule 9(b).

Plaintiff alleges that "both Goli's website and the Ashwa Gummies label represent that each Ashwa Gummy contains only ten calories (the 'Calorie Claim')."  ¶ 84.  Plaintiff further alleges that this is false because "[e]ach Ashwa

EAST/181162579                                    -19-

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

Gummy actually contains 15 calories[.]" ¶ 86.  However, Plaintiff does not allege *why* it contends each Ashwa Gummy contains 15 calories and not 10 calories.  For example, Plaintiff does not allege that it tested Goli's Ashwa Gummies to determine how many calories each contains.  This is telling because Plaintiff does allege testing in support of its allegations concerning the 500 mg Claim.  ¶ 68.  Without similar allegations, the Calorie Claim is simply not plausible and certainly does not satisfy Rule 9(b)'s heightened pleading standard.  *See TransFresh,* 862 F. Supp. 2d at 1019-20 (allegations of false advertising failed under Rule 9(b) because plaintiff did not allege specific facts as to how or why the advertising claims were false or misleading); *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. C 14-0437 CW, 2016 WL 9083386, at *4–5 (N.D. Cal. June 1, 2016) (same).

### E.   Plaintiff's Challenges To the Clinically-Proven Claim Are Preempted (Counts II-III) And Barred By The Primary Jurisdiction Doctrine (Counts I-III).

To the extent Plaintiff's state and federal law claims are based on the Clinically-Proven Claim, they are preempted under the Nutrition Labeling and Education Act ("NLEA") and are barred by the primary jurisdiction doctrine.

### 1.   Regulatory Regime.

In 1990, Congress enacted NLEA to regulate the information required on food and supplement labels.  *See* 21 U.S.C. § 343-1(a).  NLEA helped effectuate Congress' goal of establishing "uniform national standards for the nutritional claims and the required nutrient information displayed on food labels," including supplements.  *See* H.R. Rep. No. 101538, at 13 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 3336, 3342.  Consistent with this goal of national uniformity, NLEA amended the Federal Food, Drug and Cosmetic Act ("FDCA") by adding an express preemption provision that bars any state law requirements "not identical" to the NLEA's labeling requirements, including specifically the requirements pertaining to the labeling of supplements.  21 U.S.C. § 343-1(a)(5).

NLEA's express preemption provision "reaches beyond positive enactments like statutes and regulations, to embrace common-law duties and judge-made rules." *Chacanaca v. Quaker Oats Co.,* 752 F. Supp. 2d 1111, 1118 (N.D. Cal. 2010). Thus, private litigation purporting to enforce state law cannot be used to impose requirements regarding supplement labels unless those requirements are identical to the FDCA labeling requirements. NLEA preemption turns on whether the challenged statements or omissions "are authorized by the FDA's regulations or other pronouncements of similar legal effect." *Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015).

Congress extensively regulates the types of claims permitted on supplement labels, and those claims are in turn subject to NLEA preemption. Congress passed the Dietary Supplement Health and Education Act of 1994 ("DSHEA") for this express purpose – to clarify permissible claims on dietary supplements. DSHEA, which amended the FDCA, distinguishes between "disease claims" and "structure/function claims." A structure/function claim is one that "describes the role of a nutrient or dietary ingredient intended to affect the structure or function in humans," or "characterizes the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or function," but does not "claim to diagnose, mitigate, treat, cure, or prevent a specific disease or class of diseases." 21 U.S.C. § 343(r)(6). Structure/function claims are permissible on supplements if they meet three requirements: "(1) the manufacturer has substantiation that the statement is truthful and not misleading; (2) the statement contains a prominent disclaimer that the FDA has not evaluated the statement and that the product is not intended to diagnose, treat, cure, or prevent any disease; and (3) the statement itself does not claim to diagnose, mitigate, treat, cure, or prevent disease." *Dachauer v. NBTY, Inc.*, 913 F.3d 844, 846–47 (9th Cir. 2019) (quotations omitted). Section 343-1(a)(5) preempts laws that alter these requirements. *Id.* at 848.

## 2. The "Clinically-Proven Claim" Refers To Structure/Function Claims.

"The FDA has published guidance in the Federal Register discussing, among other things, acceptable structure/function claims." *Dachauer*, 913 F.3d at 847 (citing *Regulations on Statements Made for Dietary Supplements Concerning the Effect of the Product on the Structure or Function of the Body*, 65 Fed. Reg. 1000-01 (Jan. 6, 2000). "[S]tructure/function claims may use general terms such as 'strengthen,' 'improve,' and 'protect,' as long as the claims 'do not suggest disease prevention or treatment.'" *Id*. So, the claim "supports immune system" is an appropriate structure/function claim, whereas the FDA is likely to consider the claim "supports the body's antiviral capabilities" a disease claim. 65 Fed. Reg. at 1028–29 (Jan. 6, 2020) ("FDA does not agree that claims such as 'supports the immune system' are specific enough to imply prevention of disease."). Likewise, "supports mood" is an appropriate structure/function claim, as are "promotes relaxation," "helps maintain intestinal flora," and "helps enhance muscle tone." *Id*. at 1012, 1030 (contrasting these claims with claims that reference a particular disease, such as "reduces pain and stiffness associated with arthritis").

The challenged Clinically-Proven Claim refers expressly to KSM-66 (the Ashwagandha ingredient in Goli's Gummies), and uses general words like improve, support, promote, and reduce. ¶¶ 88-89. None of the claims reference a specific disease or disease vector, nor do they claim to be a substitute or therapy for a disease. *See* 21 C.F.R. § 101.93(g) (describing markers of disease claims). Rather, the Clinically-Proven Claim explains how KSM-66 can support or maintain typical functions of the body, using general words and phrases of the kind specifically approved by the FDA. *Compare* 65 Fed. Reg. at 1029, 1030 (Jan. 6, 2020), *with* ¶¶ 88-89. Accordingly, the Clinically-Proven Claim refers to structure/function claims which relate expressly to KSM-66 and not Goli's Gummies. *See* 21 U.S.C. § 343(r)(6); 21 C.F.R. § 101.93(f); ¶¶ 88-89.

### 3.   Plaintiff's State Law Challenges To The Clinically-Proven Claim Are Preempted (Counts II-III).

A structure/function claim is authorized, and therefore preempted, if the manufacturer has substantiation that the claim is truthful and not misleading. *Dachauer*, 913 F.3d at 846-47.  To withstand NLEA preemption, a plaintiff must have support showing a claim is false and misleading, not merely unsubstantiated.

Plaintiff does not adequately allege the structure/function claims are false, as is required to avoid Section 343-1(a)(5)'s preemption bar.  *See Greenberg v. Target Corp.*, 985 F.3d 650, 657 (9th Cir. 2021).  Rather, Plaintiff alleges that the claims are unsubstantiated.  ¶¶ 90-91.  However, it is well established that private parties cannot bring claims for lack of substantiation under California law.  Cal. Bus. & Prof. Code § 17508(a); *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1344 (2003); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1091 (9th Cir. 2017).  Although the FDCA requires manufactures to have substantiation for their structure/function claims, private plaintiffs cannot demand substantiation for advertising claims under California law.  *Dachauer*, 913 F.3d at 847.  Instead, a private plaintiff bears the burden of producing evidence to prove that the challenged statement is false or misleading.  *Id.*  Plaintiff fails to meet this falsity threshold, so its UCL and FAL claims should be dismissed.

### 4.   The Primary Jurisdiction Doctrine Also Bars Plaintiff's Challenges To The Clinically-Proven Claim (Counts I-III).

In general, "a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging." *Lexmark*, 572 U.S. at 126 (internal quotations omitted).  The primary jurisdiction doctrine constitutes an exception to this principle.  This doctrine allows a federal court to abstain from deciding a case within its subject matter jurisdiction if it determines that the "initial decision-making responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th

Cir. 2002).  Such abstention is appropriate where a claim "implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the regulatory industry[.]"  *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 760 (9th Cir. 2015) (quotations omitted).  Courts should consider "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration."  *Id*. (quotations omitted).

As noted, the alleged Clinically-Proven Claim refers to structure/function claims for the KSM-66 ingredient in Goli's Ashwa Gummies. Plaintiff does not allege that these claims are false or unsubstantiated for KSM-66, but rather alleges that the claims are false or unsubstantiated for *Goli's Ashwa Gummies*.  ¶¶ 90-92. Plaintiff does not dispute that KSM-66 is clinically proven to provide the claimed benefits.  Thus, the linchpin of Plaintiff's argument is that the structure/function claims must be true not only as to KSM-66 but as to Goli's product as a whole.

But as the Ninth Circuit recently explained, "the plain language of the FDCA and its implementing regulations clarifies that a structure/function claim addresses only the general role of an ingredient/nutrient on the human body." *Greenberg*, 985 F.3d at 655-56.  "The FDCA describes a structure/function claim as one that 'describes the role of *a nutrient or dietary ingredient* intended to affect the structure or function in humans [or] characterizes the documented mechanism by which *a nutrient or dietary ingredient* acts to maintain such structure or function.'"  *Id*. at 656 (emphasis in original) (quoting 21 U.S.C. § 343(r)(6)(A)). In other words, the FDA has expressly permitted substantiated structure/function claims about a nutrient or dietary ingredient in a supplement product, even if the claims are unsubstantiated for the product itself.

Accordingly, granting relief on Plaintiff's claims challenging the Clinically-

1   Proven Claim would result in the Court's resolution of an issue (*i.e.*, the
2   substantiation required for structure/function claims on labeling for supplements)
3   that has been placed by Congress within the jurisdiction of the FDA pursuant to
4   the NLEA, DSHEA, and FDCA, as shown above.  Such relief would subject Goli's
5   Ashwa Gummies to a stricter requirement than applied to all other supplement
6   products, undermining Congress' stated goal of uniform labeling requirements.
7   *See* H.R. Rep. No. 101538, at 13 (1990).  The claims are therefore barred by the
8   primary jurisdiction doctrine.  *See Astiana*, 783 F.3d at 760.

9       In sum, the FDA promulgated regulations permitting the challenged
10  Clinically-Proven Claim.   The Court should not second-guess that decision,
11  especially because such claims are the responsibility of the FDA, not federal
12  courts. For these reasons, Plaintiff's claims – including its Lanham Act claim – are
13  barred, in part and as argued herein, by the primary jurisdiction doctrine.

14      **F.     Defendants' Motion To Dismiss Should Be Granted Without**
15              **Leave To Amend Because Amendment Would Be Futile.**

16      This motion should be granted without leave to amend because amendment
17  would be futile.  *See Rust v. Long*, 584 F. App'x 494, 495 (9th Cir. 2014).  "An
18  amendment is futile when no set of facts can be proved under the amendment to
19  the pleadings that would constitute a valid and sufficient claim or defense."
20  *Ultrasys. Env't, Inc. v. STV, Inc*., 674 F. App'x 645, 649 (9th Cir. 2017) (quotations
21  omitted). Plaintiff cannot artfully plead facts into existence.  There is no reasonable
22  basis Plaintiff could claim that Goli is a competitor or that Defendants caused it to
23  suffer a competitive injury by making false or misleading claims about Goli's
24  Gummies.

25  **V.    CONCLUSION**

26      For the foregoing reasons, Defendants respectfully request that this Court
27  dismiss the Complaint with prejudice.

28

1
2

Dated:  May 18, 2021

3

**DLA PIPER LLP (US)**

4

By:  *s/ Melissa A. Reinckens*

Melissa A. Reinckens (SBN 314657)
melissa.reinckens@dlapiper.com
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone:  619.699.2700
Facsimile:   619.764.2701

5
6
7
8
9

Tamany Jean Vinson Bentz (SBN 258600)
Tamany.Bentz@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Telephone:     310.595.3000
Facsimile:     310.595.3300

10
11
12
13
14

Tamar Y. Duvdevan
(*Pro Hac Vice Pending*)
tamar.duvdevani@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone:     212.335.4500
Facsimile:     212.335.4501

15
16
17
18
19
20
21

*Attorneys for Defendants Goli Nutrition Inc.
(Canada), Goli Nutrition Inc. (US), Michael
Bitensky, Heidi Regenass, and Better
Nutritionals, LLC*

22
23
24
25
26
27
28

-26-

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) / CASE NO. 21-CV-02348-VAP (MAAx)

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 18, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the email through the Court's Notice of Electronic Filing System.

Dated:  May 18, 2021                    DLA PIPER LLP (US)


By:  */s Melissa A. Reinckens*
Melissa A. Reinckens (SBN 314657)


*Attorneys for Defendants Goli Nutrition Inc. (Canada), Goli Nutrition Inc. (US), Michael Bitensky, Heidi Regenass, and Better Nutritionals, LLC*

EAST/181162579

-1-