United States District Court
Central District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

Golo, LLC,

        Plaintiff,

        v.

Goli Nutrition Inc., a Canadian

    Corporation, Goli Nutrition Inc.,

    a Delaware Corporation,

    Michael Bitensky, Heidi

    Regenass, and Better

    Nutritionals LLC, a California

    Corporation,

        Defendants.

2:21-cv-02348-VAP (MAAx)

**Order GRANTING Motion to**
**Dismiss, Stay, or Transfer**
**Complaint Pursuant to the First**
**to File Doctrine**
**(Dkt. No. 20) and DENYING AS**
**MOOT Motion to Dismiss**
**Pursuant to Federal Rule of Civil**
**Procedure 12(b)(1) and 12(b)(6)**
**(Dkt. No. 18)**

     Before the Court are two motions filed by Defendants Goli Nutrition (Canada), Goli Nutrition Inc. (Delaware), Michael Bitensky, Heidi Regenass, and Better Nutritionals LLC: (1) "Motion to Dismiss, Stay, or Transfer Complaint Pursuant to the First to File Doctrine, the Court's Inherent Power to Prevent Forum Shopping, and 28 U.S.C. § 1404(a)" ("First-to-File Motion"); and (2) "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)" ("Motion to Dismiss"), both filed on May 18, 2021.  Having considered the papers filed in support of, and in opposition to, the First-to-File Motion and the Motion to Dismiss, the Court

1

finds these matters appropriate for resolution without a hearing and VACATES the hearing set on August 2, 2021 at 2:00 p.m.  For the following reasons, the Court GRANTS the First-to-File Motion and DENIES AS MOOT the Motion to Dismiss.

## I.   BACKGROUND

### A.   Procedural History

Plaintiff Golo LLC ("Plaintiff") initiated this action by filing a Complaint on March 17, 2021 against Defendants Goli Nutrition (Canada), Goli Nutrition Inc. (Delaware), Michael Bitensky, Heidi Regenass, and Better Nutritionals, LLC (collectively "Defendants").  The Complaint asserts the following claims: (1) false advertising under the Lanham Act; (2) violation of California's Unfair Competition Law; and (3) violation of California's False Advertising Law.

Plaintiff alleges Defendants Goli Nutrition (Canada) and (Delaware) are liable for promoting, distributing, marketing, shipping, offering, and selling their dietary supplements throughout the United States.  (Compl. ¶¶ 10-13.)  Defendant Bitensky, a Canadian citizen, is named in the Complaint in his capacity as the President and Chief Executive Officer of Goli Nutrition Inc.  (Id. ¶ 15.)  Defendant Renegass, a resident of California, is sued in her capacity as a member of Goli Nutrition Inc.'s "Nutritional Advisory Board" for her statements made about Goli's products during promotional appearances.  (Id. ¶ 16.)  Defendant Better Nutritionals LLC is alleged to manufacture, package, and label Defendants' products in California.  (Id. ¶ 14.)  Plaintiff alleges all Defendants name are "the agent and alter ego of each other Defendant, acting for and on behalf of each of the other

United States District Court
Central District of California

1 Defendants, all of whom act as a single enterprise, with unity of purpose

2 and control."  (Id. ¶ 17.)

3      On May 18, 2021, Defendants filed the instant First-to-File Motion, as

4 well as the Declaration of Melissa A. Reinckens ("Reinckens Decl."),

5 attaching Exhibits A through G, and the Declaration of Kathleen Power

6 ("Power Decl.").  Defendants also filed the instant Motion to Dismiss on May

7 18, 2021.

8      Plaintiff filed Opposition to both Motions on June 25, 2021 as well as

9 a Request for Judicial Notice and the Declaration of Allison W. Buchner

10 ("Buchner Decl."), attaching Exhibits 1 through 13.

11      On July 16, 2021, Defendants filed Replies to Plaintiff's Opposition

12 briefs, as well as the Declaration of Melissa A. Reinckens ("Supp.

13 Reinckens Decl."), attaching Exhibit A.

14

15 **B.**    **Factual Allegations**

16      In the Complaint, Plaintiff alleges it is a "leading health and wellness

17 company that offers a total weight loss and wellness solution, which

18 includes a unique and proprietary plan to help its customers make healthy

19 life changes to allow them to lose weight and a patented dietary supplement

20 that has been clinically proven to increase weight loss, reduce hunger and

21 cravings and suppress the appetite, reduce stress and anxiety, increase

22 immune function and increase energy."  (Compl. ¶ 1; see also id. ¶¶ 23-25.)

23 Plaintiff began selling its products in 2013 and has "invested significant

24 resources on studies, trials, and research to develop and deliver safe and

25 effective products that provide the benefits for which [Plaintiff] markets

26 them."  (Id. ¶ 1.)

3

United States District Court
Central District of California

In 2019, Defendants Goli Nutrition Inc. (Canada), Goli Nutrition Inc. (Delaware) (together "Goli") and Michael Bitensky, Goli's founder and president, began marketing their gummies, which they claim "provide the same health benefits as a full 'shot' of real liquid apple cider vinegar [] in just two delicious gummies." (Id. ¶ 3; see also id. ¶¶ 26-27.) Defendants claim their gummies offer a host of health benefits. (Id.) They represent their apple cider vinegar gummies contain 500 milligrams of apple cider vinegar, including "25 m[illigrams] of acetic acid, the key active ingredient in liquid apple cider vinegar." (Id.) Yet, Defendants have "no reliable data to support their false and misleading claims." (Id.) Contrary to their representations, Goli's apple cider vinegar gummies do not contain actual apple cider vinegar, but instead contain "a powdered substance that is predominantly a starch filler . . . and [they include] far less than the promised amount of acetic acid. (Id.; see also id. ¶¶ 46-75.) Plaintiff alleges Defendants market the apple cider vinegar gummies by making additional false and misleading statements, including that the gummies are organic when they are not. (Id. ¶¶ 95-106.)

In 2021, Goli launched an ashwagandha gummy product, promising it reduces stress, has a calming effect, and has many other benefits, including promoting weight management. (Id. ¶ 4.) Plaintiff alleges many of Defendants' statements about these ashwagandha gummies are false and misleading, including: the gummies contain the highest concentration of ashwagandha on the market when they do not; they are vegan when they are processed in milk; they contain only 10 calories when they actually contain 15 calories; and that the gummies have been proven clinically to

4

provide certain benefits when no such studies have been conducted.  (Id. ¶¶ 76-94.)

Plaintiff alleges Defendants market their apple cider vinegar and ashwagandha gummies with false and misleading information on their website and on social and other media.  (Id. ¶ 5; see also id. ¶¶ 27-37, 39-106.)  Plaintiff alleges Defendants' products compete directly with its proprietary wellness and dietary products.  (Id. ¶¶ 7, 19, 22, 25, 38, 114-116, 123, 131, 134.)  According to Plaintiff, "[w]here another company promises the same benefits or results as [it] does through an easier or less comprehensive product or program (e.g., by merely taking a supplement and nothing more) or makes false claims directly or indirectly about the results its products will deliver, [Plaintiff] is at a competitive disadvantage in the marketplace."  (Id. ¶ 25.)

Plaintiff alleges Defendants' false and misleading claims have injured consumers, who have been misled into believing the apple cider vinegar and ashwagandha gummies provide the health benefits claimed, and the consumers relied on those false statements to their detriment.  (Id. ¶¶ 108-113.)  Plaintiff also claims it has been injured by Defendants' false and misleading statements because Defendants have "divert[ed] sales away from companies, like [Plaintiff], who offer competing products but are following the rules and only making true claims about the characteristics, qualities[,] and benefits of their products" all the while Defendants "offer[] an inexpensive bottle of tasty gummies falsely promising those benefits."  (Id. ¶¶ 114-119.)  By doing so, Defendants have "taint[ed] the reputation and marketability of its competitors' products, including [Plaintiff's]" and Plaintiff has lost revenue as a result.  (Id. ¶¶ 115, 117.)

United States District Court
Central District of California

## II.    LEGAL STANDARDS

**A.    First-to-File Motion**

The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  Pursuant to the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar action has been filed in another district court. Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625-26 (9th Cir. 1991).  "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." SB Hosp. Palm Springs, LLC v. Baymont Franchise Sys., Inc., No. 5:19-cv-00381-JGB-KKx, 2019 WL 4422675, at *3 (C.D. Cal. May 8, 2019) (internal citation and quotation marks omitted).  "The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." Alltrade, 946 F.2d at 628.

"In determining whether to apply the first-to-file rule, courts consider three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." SB Hosp. Palm Springs, 2019 WL 4422675, at *3; see also Riffel v. Regents of the Univ. of Cal., No. 2:19-cv-08286-CAS (RAOx), 2019 WL 5978784, at *3 (C.D. Cal. Nov. 12, 2019).  "The first-to-file rule applies to 'similar' actions; the issues and parties need not be identical." Carrera v. First Am. Home Buyers Protection Co., No. CV 11-10242-GHK (FFMx), 2012 WL 13012698, at *3

6

(C.D. Cal. Jan. 24, 2012) (citing <u>Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.</u>, 179 F.R.D. 264, 270 (C.D. Cal. 1998) ("[T]here is a sufficient similarity between the parties in the two actions to satisfy this factor of the first-to-file rule")).

"Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of [28 U.S.C.] § 1404(a) cabin the exercise of that discretion." <u>In re Bozic</u>, 888 F.3d 1048, 1054 (9th Cir. 2018).  In other words, a district court may only transfer an action pursuant to the first-to-file rule to a transferee district "where it might have been brought." <u>Id.</u> (citing 28 U.S.C. § 1404(a)).  The transferee court meets this requirement if: (1) it would have subject-matter jurisdiction; (2) defendants would be subject to personal jurisdiction; and (3) venue would be proper.  <u>See</u> <u>Hoffman v. Blaski</u>, 363 U.S. 335, 343-44 (1960).

**B.     Motion to Dismiss**

**1.     Rule 12(b)(1)**

Dismissal under Rule 12(b)(1) is proper if the Court lacks subject matter jurisdiction to adjudicate claims asserted in a plaintiff's complaint. Fed. R. Civ. P. 12(b)(1).  To satisfy the "'irreducible constitutional minimum' of standing," the party invoking federal jurisdiction must demonstrate that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547 (2016).  A motion to dismiss under a Rule 12(b)(1) challenge to subject matter jurisdiction may be facial or factual.  Here, Defendants present a facial attack, which "accepts the truth of the plaintiff's allegations but asserts

that they are insufficient on their face to invoke federal jurisdiction." <u>Leite v.
Crane Co.</u>, 749 F.3d 1117, 1121 (9th Cir. 2014).

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears
the burden of proving that the Court has subject-matter jurisdiction to hear
her claims. <u>See</u> <u>Lujan v. Def. of Wildlife</u>, 504 U.S. 555, 561 (1992). A court
has an "affirmative obligation to ensure that it is acting within the scope of its
jurisdictional authority." <u>Grand Lodge of Fraternal Order of Police v.
Ashcroft</u>, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "the
[p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in
resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to
state a claim." <u>Id.</u> at 13-14 (internal quotation marks and citation omitted)
(alteration in original).

### 2.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a
motion to dismiss for failure to state a claim upon which relief can be
granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short,
plain statement upon which a pleading shows entitlement to relief. Fed. R.
Civ. P. 8(a)(2); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). When
evaluating a Rule 12(b)(6) motion, a court must accept all material
allegations in the complaint – as well as any reasonable inferences to be
drawn from them – as true and construe them in the light most favorable to
the non-moving party. <u>See</u> <u>Doe v. United States</u>, 419 F.3d 1058, 1062 (9th
Cir. 2005); <u>ARC Ecology v. U.S. Dep't of Air Force</u>, 411 F.3d 1092, 1096
(9th Cir. 2005); <u>Moyo v. Gomez</u>, 32 F.3d 1382, 1384 (9th Cir. 1994). "The
court need not accept as true, however, allegations that contradict facts that

United States District Court
Central District of California

may be judicially noticed by the court." <u>Schwarz v. United States</u>, 234 F.3d 428, 435 (9th Cir. 2000).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u>  To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 556).

The Ninth Circuit has clarified that: (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

When considering a motion brought pursuant to Rule 12(b)(6), the Court's review is limited to the contents of the complaint, as well as exhibits

United States District Court
Central District of California

submitted with the complaint.  See Hal Roach Studios, Inc. v. Richard
Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

### 3.     Rule 9(b)

A party alleging fraud must "state with particularity the circumstances
constituting fraud."  Fed. R. Civ. P. 9(b).  Rule 9(b) requires a plaintiff to
make more specific allegations so a defendant "can defend against the
charge and not just deny that they have done anything wrong."  Kearns v.
Ford Motor Co., 567 F.3d 1120, 1024 (9th Cir. 2009) (quoting Bly-Magee v.
Cal., 236 F.3d 1014, 1019 (9th Cir. 2001)); see also Neubronner v. Milken, 6
F.3d 666, 671-72 (9th Cir. 1993).

### III.     REQUESTS FOR JUDICIAL NOTICE

The parties submitted separate requests for judicial notice
(hereinafter "Defendants' RJN" and "Plaintiff's RJN").  Pursuant to Federal
Rule of Evidence 201, a court may take judicial notice of various matters,
including those in the public record.  See Marder v. Lopez, 450 F.3d 445,
448 (9th Cir. 2006).  A court may take judicial notice of a public record not
for the truth of the facts recited in the document, but for the existence of the
matters therein that cannot reasonably be questioned.  See Fed. R. Evid.
201.  The court "may take notice of proceedings in other courts, both within
and without the federal judicial system, if those proceedings have a direct
relation to matters at issue."  U.S. ex rel. Robinson Rancheria Citizens
Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted).

In Khoja v. Orexigen Therapeutics, the Ninth Circuit explained a court
may take "judicial notice of matters of public record," but "cannot take

judicial notice of disputed facts contained in such public records."  Khoja v. Orexigen Therapeutics, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted).  If a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document.  Id.

## A.     Defendants' RJN

In support of the First-to-File Motion, Defendants submitted the Reinckens Declaration, which attached the following documents from the related Delaware action, Golo LLC v. Goli Nutrition Inc., No. 1:20-cv-00667-RGA (D. Del.), of which Defendants ask the Court to take judicial notice: a print-out of the docket, attached as Exhibit A; the complaint, attached as Exhibit B; the Delaware court's September 1, 2020 decision denying Plaintiff's motion for preliminary injunction, attached as Exhibit C; Plaintiff's proposed first amended complaint, attached as Exhibit D; a copy of Defendants' Rule 26(a) initial disclosures, attached as Exhibit E; an email dated March 24, 2021 between counsel in this and the Delaware action, attached as Exhibit F; and a copy of Plaintiff's January 14, 2021 letter to the Delaware court, attached as Exhibit G.  (See First-to-File Mot. at 4, n.3; Reinckens Decl.)  With the Reply, Defendants also submitted the supplemental Reinckens Declaration, attaching as Exhibit A a copy of Plaintiff's opening brief in support of its motion for leave to file a first amended complaint, filed in the Delaware action.  Plaintiff does not oppose Defendants' RJN.

The Court agrees it can take judicial notice of many of the foregoing exhibits, as they are public records that are related directly to the matters at issue in this action.  See Borneo, Inc., 971 F.2d at 248.  The Court takes

11

1  judicial notice of Exhibits A, B, C, and D to the Reinckens Declaration and

2  Exhibit A to the supplemental Reinckens Declaration, but only for the

3  purpose of considering the nature and scope of the allegations raised in the

4  related Delaware action.  The Court declines to take judicial notice of

5  Exhibits E, F, or G to the Reinckens Declaration, however.  Exhibits E and G

6  are not relevant to the Court's analysis below and Exhibit F, an email among

7  counsel, is not an appropriate subject of judicial notice.

8        The Court GRANTS IN PART Defendants' RJN and takes judicial

9  notice of the following facts:

10       On May 18, 2020, before the United States District Court for the

11 District of Delaware (hereinafter "Delaware court"), Golo LLC filed a

12 complaint against Goli (Canada) and (Delaware) and alleged claims for

13 trademark infringement under the Lanham Act, false designation of origin

14 and false advertisement under the Lanham Act, unfair competition under the

15 Lanham Act, unfair competition under the Delaware Uniform Deceptive

16 Trade Practices Act, and cancellation of registration trademark.  See Golo,

17 LLC v. Goli Nutrition Inc., No. 1:20-cv-00667-RGA, Dkt. No. 1 (D. Del. May

18 18, 2020).[1]  In the Delaware complaint, Golo LLC alleged it sold dietary and

19 weight loss supplement pills on its website and at Walmart stores while the

20 defendants sold competing dietary supplements, specifically apple cider

21 vinegar "gummies," on its own website and at several retail outlets, such as

22 "Target, Walmart, Bed Bath & Beyond, The Vitamin Shoppe, and GNC."  (Id.

23 ¶¶ 19-20, 34, 38.)  Golo LLC alleged the defendants sold and marketed

24 competing products to nearly identical customers and markets and through

25

26       [1] For ease of reference, the Court cites directly to the documents filed in the
Delaware action.

12

United States District Court
Central District of California

1  the same channels of trade and promotional media.  (Id. ¶¶ 56-65.)  Golo
2  LLC alleged the defendants purchased various search terms on
3  Google.com and Amazon.com to ensure if a user searched for "Golo" he or
4  she would be directed to defendants' products.  (Id. ¶¶ 40-44.)  According to
5  Golo LLC, it had priority of use and a superior trademark right to its mark
6  compared to the defendants' right to use their own mark.  (Id. ¶¶ 51-55.)  It
7  also alleged consumers had been misled and confused by the defendants'
8  use of its marks.  (Id. ¶¶ 66-74.)

9       Golo LLC filed a motion for preliminary injunction on June 9, 2020.
10  (D. Del. Dkt. No. 10.)  On September 1, 2020, the Delaware court denied
11  the motion, concluding Golo LLC failed to show likelihood of success on the
12  merits and irreparable harm.  (D. Del. Dkt. Nos. 62.)  Pertinent here, the
13  Delaware court found the likelihood of consumer confusion was a necessary
14  element of Plaintiff's trademark infringement claims, which required the
15  court to determine whether Plaintiff's and Defendants' products were
16  competing or non-competing goods.  (Id. at 3-4.)  In addition, the court
17  found the products at issue were not "directly competing products" and
18  defendants' mark did not present a likelihood of confusion.  (Id. at 6-26.)

19       On August 27, 2020, Golo LLC filed a motion for leave to file a first
20  amended complaint.  (D. Del. Dkt. Nos. 58, 59.)  In that motion, Golo LLC
21  sought leave to add two claims, for false advertising under the Lanham Act
22  and unfair competition/false advertising under the Delaware Uniform
23  Deceptive Trade Practice Act regarding the defendants' allegedly false claim
24  that two of its gummies equaled one shot of liquid apple cider vinegar.  The
25  motion was opposed.  (D. Del. Dkt. No. 78.)  On March 17, 2021, Golo LLC
26  withdrew the motion.

13

**B.     Plaintiff's RJN**

With the Opposition to Defendants' Motion to Dismiss, Plaintiff submitted a separate Request for Judicial Notice.  (See Dkt. No. 35-1.) Plaintiff moves the Court to take judicial notice of Exhibits 11, 12, and 13 to the Buchner Declaration.  These Exhibits are "copies of three U.S. Patents titled 'Apple Cider Vinegar Nutritional Supplement,' which list Goli as the assignee and its CEO (Michael Bitensky) as an inventor, along with others, including executives of Defendant Better Nutritionals."  (Buchner Decl. ¶ 13.) Defendants do not oppose Plaintiff's RJN.

The Court need not determine whether judicial notice of these Exhibits is proper, because the Court DENIES Plaintiff's RJN as these documents are not relevant to the Court's analysis below.

## IV.     DISCUSSION

**A.     First-to-File Motion**

In the First-to-File Motion, Defendants argue this action should be dismissed, stayed, or transferred to the Delaware court pursuant to the first-to-file rule because the Delaware action was filed first and the parties to both actions, as well as the issue raised in both, are substantially similar. Defendants also argue the Court should dismiss this action under its inherent power to prevent judge-shopping.  In the alternative, Defendants move to transfer this action to the Delaware court pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)") and C.D. Cal. L.R. 83-1.2.1.

In Opposition, Plaintiff contends the first-to-file rule does not apply because the parties and the issues here are not substantially similar to those in the Delaware action, the equities favor retaining this case, and the

United States District Court
Central District of California

Court would abuse its discretion if it dismissed this action pursuant to the first-to-file rule.  Plaintiff also argues it did not engage in judge-shopping. According to Plaintiff, transfer under § 1404(a) is not available because the Delaware court does not have personal jurisdiction over Defendants Better Nutritionals LLC and Renegass, there are many witnesses located in California that are subject to the Court's subpoena power, and Defendants tout their connections to California, thereby demonstrating that convenience of the parties and the interests of justice do not weigh in favor a transfer.

The Court first considers whether the first-to-file rule applies here. See Alltrade, 946 F.2d at 625-26.

### 1.      Chronology

The parties do not dispute that the Delaware Action was filed on May 18, 2020, before this case was filed on March 17, 2021.  (See First-to-File Mot. at 9 ("There is no reasonable dispute that Plaintiff filed the Delaware Action first."); Opp'n at 9 ("there is no dispute that the Delaware action was filed before this one.").)  Accordingly, this factor weighs in favor of applying the first-to-file rule.

### 2.      Similarity of the Parties

In considering the similarity of the parties, "substantial similarity," not "exact identity of the parties," is required.  Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015); see also Alioto v. Hoiles, No. 4:14-cv-1395-PJH, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) ("[e]xact parallelism between the two actions need not exist; it is enough if the parties . . . are 'substantially similar.'") (citing Nakash v.

15

1 Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989)).  Indeed, "[t]he rule is

2 satisfied if some [of] the parties in one matter are also in the other matter,

3 regardless of whether there are additional unmatched parties in one or both

4 matters."  Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc., 544 F. Supp.

5 2d 949, 959 n.6 (N.D. Cal. 2008).

6       Here, the parties overlap between this case and the Delaware action.

7 Plaintiff is the same in both cases, as are Defendants Goli Nutrition Inc.

8 (Canada) and Goli Nutrition Inc. (Delaware).  Defendants Bitensky,

9 Renegass, and Better Nutritionals LLC are named only in this action and not

10 in the Delaware action.  The Court finds the parties to be substantially

11 similar between this and the Delaware action, especially because

12 Defendants Bitensky and Renegass are sued here in their official capacities

13 as alleged officers and agents of Goli Nutrition Inc. and Defendant Better

14 Nutritionals LLC is sued as the agent and alter ego of Goli Nutrition Inc.

15 (See Compl. ¶¶ 14-17.)  Thus, the second factor favors application of the

16 first-to-file rule.  See Kohn Law Grp., Inc., 787 F.3d at 1240.

17

18       **3.**    **Similarity of the Issues**

19       "The issues in both cases [] need not be identical."  Kohn Law Grp.,

20 Inc., 787 F.3d at 1240; see also Sporn v. TransUnion Interactive, Inc., No.

21 18-cv-05424-YGR, 2019 WL 151575, at *5 (N.D. Cal. Jan. 10, 2019) ("The

22 'similarity of the issues' factor does not require total uniformity of claims but

23 rather focuses on the underlying factual allegations.") (emphasis in original)

24 (internal citation omitted).  "Cases are sufficiently similar where key issues

25 overlap and the resolution of one case could affect the resolution of the

26

other."  Carrera, 2012 WL 13012698 at *5 (internal citation and quotation marks omitted).

At first blush, the Delaware action and this case involve distinct legal claims: the Delaware action raises trademark infringement claims whereas this one concerns false advertising.  As pointed out by Plaintiff, the elements of these claims do not overlap.  (See Opp'n at 12-13 (citing Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997) (listing elements for false advertising claim) and OTR Wheel Eng'g Inc. v. W. Worldwide Servs., Inc., 897 F.3d 1008, 1022 (9th Cir. 2018) (listing elements for trademark infringement claim)).)

Upon further examination, however, the two actions also raise claims for unfair competition and both are based on similar underlying factual allegations.  Both cases are premised on Plaintiff's allegation that it and Defendants are competitors in the health and wellness market.  Both cases focus on Defendants' promotion and marketing of its products and allege Plaintiff has lost profits due to Defendants' actions.  To wit, Plaintiff acknowledges its standing to bring false advertising and unfair competition claims in this case is premised on its alleged injury caused by Defendants' misstatements about its apple cider vinegar and ashwagandha products, which Plaintiff contends confused and deceived consumers into purchasing Defendants' products instead of Plaintiff's products.  (See Dkt. No. 35 at 7-13 (discussing Article III standing and standing under the Lanham Act).)  As the Delaware court stated in its order denying Plaintiff's motion for a preliminary injunction, the likelihood of consumer confusion was a necessary element of Plaintiff's trademark infringement claims, which required the court to determine whether Plaintiff's and Defendants' products

were competing or non-competing goods.  (See Del. Dkt. No. 62 at 3-4.)
Although the legal claims Plaintiff raises in this action are distinct, they will
require the Court here to make a similar determination about whether the
goods are competing and whether Defendants' alleged false and misleading
statements caused consumers to be confused and purchase Defendants'
product instead of Plaintiff's.  See, e.g., Red v. Unilever U.S., Inc., No. 2:09-
cv-07855-MMM-AGRx, 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010)
("Although the Red action includes a claim not found in the Rosen action . . .
the issues in the two cases substantially overlap[.]  This is all the first-to-file
rule requires; it is not necessary that exactly parallel causes of action be
alleged."); Sporn, 2019 WL 151575 at *6 ("Accordingly, although the claims
in the instant action and Sgouros are based on different statutes, the factual
basis thereof and the legal issues presented therein are substantially the
same."); Carrera, 2012 WL 13012698 at *5 ("even though Plaintiff's FAC
asserts some claims that were not asserted in Diaz, the factual and legal
issues substantially overlap and thus weigh in favor of applying the first-to-
file rule.").  The issues in both cases substantially overlap and the Delaware
court's rulings could have a preclusive effect here.  Accordingly, this first-to-
file factor has been met.  See, e.g., Brice v. Plain Green, LLC, 372 F. Supp.
3d 955, 976 (N.D. Cal. 2019) (to meet the substantial similarity factor, there
must be a "similarly in allegations that would require the court to make
similar determinations.").

### 4.    Equitable Considerations

Even where the first-to-file doctrine's threshold requirements are met,
courts may decline to apply the doctrine "pursuant to several equitable

1
2
3
4
5
6

7
8
9

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

United States District Court
Central District of California

exceptions: (1) bad faith; (2) anticipatory suits; (3) forum shopping; and (4) a balance of convenience weighing in favor of the later filed suit."  SB Hosp. Palm Springs, 2019 WL 4422675 at *3; see Riffel, 2019 WL 5978784 at *6. The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of conveniences is a determination best left to the court in the first-to-file action.  See Alltrade, 946 F.2d at 628.

Neither party has shown the first filed action was brought in bad faith or was an anticipatory suit.  Plaintiff initiated both actions.  Hence, these exceptions do not apply.

Next, Defendant argues Plaintiff has engaged in forum shopping when it initiated this action after the Delaware court issued its ruling denying its motion for preliminary injunction.[2]  In Opposition, Plaintiff argues it did not engage in forum shopping and instead filed this action here because of the presence of two Defendants (Better Nutritionals LLC and Renegass) and other witnesses within this judicial district, it believes California law favors its position, and its new counsel are located here.  The Court finds the evidence of forum shopping can cut both ways here; thus, it remains a neutral factor in the analysis.  See Shields v. Amerigas Propane, Inc., No. 2:15-cv-00754-KJM, 2015 WL 5436772, at *4 (E.D. Cal. Sept. 15, 2015) ("If plaintiff is seeking a new judge, defendant also has reasons to reverse-forum shop and be heard before a judge that has once ruled in its favor.").

---

[2] The Court notes Defendants move for dismissal of the Complaint under the Court's "inherent power to prevent forum shopping."  The Court does not, as it need not, address this argument.  As discussed below, the Court applies the first-to-file rule and determines a stay is the most appropriate and equitable remedy.

United States District Court
Central District of California

Moreover, although the Delaware court has denied Plaintiff's request for a preliminary injunction, the court has not yet ruled on the merits of the claims Plaintiff alleges in that action.  Further, Plaintiff offers a plausible explanation for its choice to file this action here.

Next, Plaintiff argues equity requires the Court to retain this case because Defendants tout their California connections in their marketing materials, and the Court has the power to subpoena witnesses located in California to testify live at trial, whereas in the Delaware action Plaintiff may be limited to presenting deposition testimony to the jury, which it argues is not as compelling.  The Court does not find any of these arguments persuasive, nor do they fall under the recognized exceptions to the first-to-file rule.  See Alltrade, 946 F.2d at 625.  In any event, the convenience of the parties is a matter best left to the Delaware court.  See id. at 628.

Permitting this action and the Delaware action to proceed simultaneously would risk the entry of inconsistent rulings on matters central to both cases.  The interest in judicial economy and equity require the Court to apply the first-to-file rule.

### 5.     Remedy

Having concluded the first-to-file rule applies here, the Court must determine whether to transfer, dismiss, or stay this action.  Defendants move the Court to dismiss or transfer this action, whereas Plaintiff contends dismissal would be an abuse of discretion and the Court should consider the other remedies available.  (See Opp'n at 15 ("If the Court transfers the claims against Goli to Delaware, it should allow the claims against Better Nutritionals and Dr. Renegass to proceed here, or at most stay them, not

20

dismiss them.  Even a stay, though, would be unfairly prejudicial to GOLO.").)  As discussed below, the Court concludes a stay of these proceedings is the most appropriate and equitable remedy.

### i.   Transfer

Contrary to Defendants' arguments, the Court is unable to transfer this case under § 1404(a).  As stated, supra, "a district court may transfer any civil action to any other district or division where it might have been brought."  See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (explaining the "transfer power is . . . expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'").

As Plaintiff points out, it is not clear the Delaware court would have personal jurisdiction over Defendants Regenass and Better Nutritionals LLC.  Without personal jurisdiction over all of the Defendants named here, this action could not be transferred to the Delaware court.  See In re Bozic, 888 F.3d at 1054; 28 U.S.C. § 1404(a).

Defendants argue Plaintiff's inclusion of Renegass and Better Nutritionals LLC in this lawsuit was improper, arguing they are "sham defendants," and solely for the purpose of defeating transfer.  The Court rejects this argument.  Having considered the allegations against both of these Defendants, the Court concludes Plaintiff alleges at least a plausible basis for liability by each Defendant.  Plaintiff alleges Better Nutritionals LLC manufactures, packages, and labels the subject apple cider vinegar and ashwagandha gummies and works closely with Goli to produce the alleged false statements about the products.  (Compl. ¶¶ 3, 4, 14, 44); see World

United States District Court
Central District of California

1   Nutrition Inc. v. Advanced Enzymes USA, No. CV-19-00265-PHX-GMS,

2   2020 WL 3414786, at *2-3 (D. Ariz. June 22, 2020) (granting leave to amend

3   to permit the plaintiff to add a manufacturer, who allegedly worked closely

4   with a product producer to produce false statements, as a defendant to its

5   Lanham Act and unfair competition claims).  Similarly, Plaintiff alleges

6   Defendant Renegass, in her capacity as a member of Goli Nutrition, Inc.'s

7   Scientific and Nutritional Advisory Board, made several allegedly misleading

8   statements during promotional events about the health benefits of

9   Defendants' apple cider vinegar and ashwagandha gummies.  (Compl. ¶¶

10  52, 101.)  The Complaint alleges the content of Renegass's statements,

11  including when, how, and why she made them.  (Id.)  In the face of these

12  allegations, Defendants have not proffered persuasive evidence that Better

13  Nutritionals LLC and Renegass are sham defendants.  Cf. Zaklit v. Global

14  Linguist Solutions, LLC, No. CV 13-08654 MMM (MANx), 2014 WL

15  12521725, at *12-13 (C.D. Cal. Mar. 24, 2014) (concluding there was

16  "persuasive evidence in the record that AECOM [wa]s a 'sham' defendant,"

17  an argument to which the plaintiff failed to respond in its opposition, and

18  disregarding whether the transferee court could have exercised personal

19  jurisdiction over AECOM).

20       Next, despite Plaintiff's argument to the contrary, the Court cannot

21  transfer portions of the claims alleged here while permitting Plaintiff to

22  proceed against Defendants Better Nutritionals LLC and Renegass in this

23  forum.  The Court can only transfer a civil action as a whole.  See 28 U.S.C.

24

25

26

§ 1404(a).  As it is not clear to the Court that this action could have been filed in the Delaware court, the Court cannot transfer it there.

### ii.    Stay

The Court next considers whether to stay these proceedings until the conclusion of the Delaware action.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).  Whether to grant a stay is committed to the court's discretion.  See Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs."  Universal Elec., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013).

When deciding whether to stay an action, the court must weigh the competing interests affected by the possible stay.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  The competing interests a court must weigh are: "(1) possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, 300 F.2d at 268).  "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest

course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Id. (citing Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)).

The Court has considered the competing interests and totality of the circumstances at issue.  The Court concludes a stay of these proceedings is appropriate in light of the pending related Delaware proceedings, in fairness to the parties, and in the interests of judicial efficiency and economy. Instead of dismissing the Complaint, which could have the possible effect of insulating from liability Defendants Better Nutritionals LLC and Renegass, over whom the Delaware court may not have personal jurisdiction, the Court will stay these proceedings to preserve Plaintiff's claims.  Following entry of a final judgment in the Delaware action, the Court will entertain a motion to lift the stay in this case.  Further, the Court enters this Order without prejudice to Plaintiff seeking leave to amend the complaint filed in the Delaware action to add claims alleged here, as well as additional defendants named here.

**B.    Motion to Dismiss**

As the Court has determined the first-to-file rule applies and counsels in favor of a stay here, the Court will not reach the Motion to Dismiss and

24

DENIES it as moot.  Upon the Court lifting the stay of these proceedings,

Defendants may renew the motion at that time.

### V.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to
Dismiss, Stay, or Transfer Complaint Pursuant to the First-to-File Doctrine.
The Court STAYS these proceedings forthwith.  Upon entry of a final
judgment in the Delaware action, the parties may move to lift the stay.  In
the interim, the parties shall file a joint report regarding the status of the
Delaware action every 90 days and the parties shall notify the Court within 5
days of entry of the Delaware court's final judgment.

The Court DENIES AS MOOT the Motion to Dismiss Plaintiff's
Complaint.

The Court directs the Clerk of Court to close this matter
administratively during the pendency of the stay.

**IT IS SO ORDERED.**

Dated:   7/30/21

Virginia A. Phillips
United States District Judge

United States District Court
Central District of California

25